IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TINA COX                                                                                                                                    PLAINTIFF

V.                                                 CIVIL ACTION NO. 1:18-CV-00199-NBB-DAS

GUIDEONE AMERICA INSURANCE
COMPANY, and JOEY BLAKENEY                             DEFENDANTS

Consolidated with:

PEGRAM, JR. V. GUIDEONE AMERICA INSURANCE COMPANY, ET AL.     1:18-CV-200
SULLIVAN V. GUIDEONE AMERICA INSURANCE COMPANY, ET AL.         1:18-CV-201
SULLIVAN V. GUIDEONE AMERICA INSURANCE COMPANY, ET AL.         1:18-CV-202
RHEA V. GUIDEONE AMERICA INSURANCE COMPANY, ET AL.               3:18-CV-242

MEMORANDUM OPINION

Presently before the court are the plaintiffs' motions to remand. Upon due consideration of the motions, responses, complaints and applicable authority, the court is ready to rule.

Factual and Procedural Background

Plaintiffs Tina Cox, Lee Pegram, Eddie Sullivan, Jon Sullivan, and James Rhea were formerly employed as insurance agents for GuideOne America Insurance Company ("GuideOne") in various locations across Northern Mississippi. According to Plaintiffs, Defendants GuideOne and Joey Blakeney, GuideOne's Sales Director for Mississippi, induced them to become agents by touting their "pay for performance" commission structure, a program under which money vested to Plaintiffs based on their in-force book of insurance premiums. Plaintiffs further allege that Defendants consistently represented to them that this vested amount was a guaranteed retirement benefit.

GuideOne decided to terminate Plaintiffs' employment in September 2017. At that time, Tina Cox had a vested amount of $301,607.00; Lee Pegram had a vested amount of $173,500.75;

Eddie Sullivan had a vested amount of $416,000.00; Jon Sullivan had a vested amount of $345,728.36; and James Rhea had a vested amount of $392,513.74. Despite Defendants' previous guarantees, however, Plaintiffs were given an ultimatum: (1) keep the vested amount and forfeit their entire book of business with GuideOne or (2) keep their book of business with GuideOne and forfeit the vested amount. Because the former would have effectively put them out of business, Plaintiffs chose the latter and forfeited their vested amounts.

Plaintiffs subsequently filed separate actions against Defendants, asserting claims for fraud, conversion, breach of contract, unjust enrichment, negligent infliction of emotional distress, and unconscionability. Defendants promptly removed the actions to this court on the basis of diversity jurisdiction. Because Plaintiffs' separate cases are essentially identical, the court entered an order consolidating them. Plaintiffs now move to remand.

## Standard for Removal and Remand

"[A]ny civil action brought in a State court of which the districts courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

"[R]emoval statutes are to be construed strictly against removal and in favor of remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 103 (5th Cir. 1996)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been

rigorously enforced by the court." *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

The removing party bears the burden of establishing the basis of federal jurisdiction. *Id.*; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Further, should the court have any doubts about its jurisdiction, "it should resolve those doubts by ordering a remand." *Dardeau v. West Orange-Grove Consolidated Independent School Dist.*, 43 Supp. 2d 722, 730 (E.D. Tex. 1999)(citing *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir. 1995)).

## Discussion

In moving to remand, Plaintiffs argue that the court lacks diversity jurisdiction because the parties are not completely diverse. Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). Plaintiffs are citizens of Mississippi. Defendant GuideOne, as a citizen of Iowa, is diverse from Plaintiffs. Defendant Joey Blakeney, however, is a citizen of Mississippi. Consequently, unless some exception applies, the parties are not completely diverse, and this court lacks jurisdiction.

GuideOne contends that the court may disregard the citizenship of Blakeney because he has been improperly joined in this action to defeat federal jurisdiction. When a court's jurisdiction is premised on diversity jurisdiction, "[t]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). To that end, courts place a heavy burden of persuasion upon those asserting improper joinder. *Griggs v. State Farm* Lloyds, 181 F.3d 694, 701 (5th Cir. 1999).

To establish improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs*, 181 F.3d at 701). Under the second prong, the removing party must show that there is no reasonable basis for the court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Courts ordinarily examine a claim of improper joinder by conducting a Rule 12(b)(6)-type analysis. *Id.*

In asserting improper joinder, Defendants argue that Plaintiffs have no possibility of recovery against Blakeney on their claims of fraud and negligent infliction of emotional distress ("NIED").[1] Defendants first contend that Plaintiffs' fraud claims fail because they have not plead fraud with sufficient particularity.[2] Defendants further contend that Plaintiffs cannot recover for NIED because they have not identified a physical injury or harm resulting from Blakeney's alleged negligence.[3]

Notwithstanding the potential merit of these arguments, the court finds application of the improper joinder doctrine to be unwarranted here. In so finding, the court emphasizes that the arguments espoused by Defendants apply not only to the claims asserted against Blakeney, but

---

[1] Defendants mistakenly opine that Plaintiffs conceded their claims for conversion, breach of contract, and unconscionability against Blakeney. A careful review of Plaintiffs' motions to remand, however, reveals that no such concession was made. Thus, Defendants must demonstrate the impossibility of recovery on *all* claims asserted.

[2] See *Williams v. WMX Technologies, Inc.*, 112 F.3d 175 (5th Cir. 1997)(holding that "[p]leading fraud with particularity requires time, place, and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained as a result"); see also *Horne v. Time Warner Operations, Inc.*, 119 F. Supp. 2d 624, 629 (S.D. Miss. 1999) (noting that a complaint that merely tracks the language of the elements of a fraud claim does not satisfy its burden in pleading fraud with particularity).

[3] Contrary to Defendants' assertion, however, Mississippi law does not require a plaintiff to establish a *physical* harm in order to recover for NIED. *See McGuffie v. Herrington*, 966 So.2d 1274, 1278 (Miss. Ct. App. 2007)(noting that plaintiffs asserting a claim for NIED must prove "some sort of injury, whether it be physical *or* mental") (emphasis added).

also to those asserted against GuideOne.[4]  Plaintiffs failed to plead fraud with particularity entirely as to both defendants, their allegations merely tracking the elements of the claim. Moreover, Plaintiffs do not identify any physical harm or injury whatsoever relevant to their NIED claims.  Thus, Defendants advance a "common defense" which "is equally dispositive of both the non-diverse [] *and* the diverse defendants."  *See Marshall v. Kansas City Southern Ry. Co.*, 372 F. Supp. 2d 916, 919 (S.D. Miss. 2005).

"When the only proffered justification for fraudulent joinder is that there is no reasonable basis for predicting recovery against the local defendant and that showing is a fortiori applicable to all defendants, rather than to the local defendants alone, the requisite showing has not been made."  *Smallwood*, 352 F.3d at 222.  Instead, "there is no fraudulent joinder, only a lawsuit lacking in merit." *Id.* at 223.  The court, therefore, finds that Defendants have failed to meet their heavy burden in demonstrating that Blakeney has been improperly joined and that, consequently, the court lacks diversity jurisdiction.

## Conclusion

Based on the foregoing discussion, the court finds that Plaintiffs' motions to remand are well-taken and should be granted.  A separate order in accord with this opinion shall issue this day.

This, the 9th day of September, 2019.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[4] Defendants failed to address Plaintiffs' claims for conversion, breach of contract, unjust enrichment, and unconscionability, but have filed a joint motion to dismiss (Docket # 5), advancing the same arguments for dismissal for all claims on behalf of both defendants.  Accordingly, the court concludes that the "common defense rule" would apply to those claims as well.